IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**INGRID MAGOFFE**, as Personal Representative of
the **ESTATE OF ANTHONY MAGOFFE**, deceased,
Individually, and as Next Friend of her minor children,
**ANTHONY JAMES MAGOFFE**, and **JIMMY
MAGOFFE**; and **AZUCENA MICHEL**, as Personal
Representative of the **ESTATE OF CAMERINO
MICHEL RAMIREZ**, deceased, Individually, and as
Next Friend of her minor children, **MELISSA ORNELAS
MICHEL**, **ANTHONY ORNELAS MICHEL**, and
**MELANIE ORNELAS MICHEL**; and
**JAMES MAGOFFE**, Individually,

       Plaintiffs,

    vs.                                                                                   No. CIV 06-0973 MCA/ACT

**JLG INDUSTRIES, INC.**, a Pennsylvania corporation;
and **UNITED RENTALS NORTHWEST, INC.**,
an Oregon corporation,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on *Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum Brief (Defendants' Duty to Warn and Provide Directions for Use, Defendants' Breach)* [Doc. 65] filed on September 25, 2007, and *Defendant JLG Industries, Inc.'s Unopposed Motion for Leave to File Surreply* [Doc. 170] filed on February 21, 2008.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies Plaintiffs' motion for

partial summary judgment and does not allow supplemental briefing on this issue for the reasons set forth below.

The history of this litigation is set forth in the *Memorandum Opinion and Order* [Doc. 210] concerning Defendant JLG's motion for summary judgment that is filed concurrently herewith. Parts I, II, and III of that *Memorandum Opinion and Order* concerning the background of this case, the applicable law, and the standard of review are incorporated herein by reference.

On September 25, 2007, Plaintiffs moved for partial summary judgment on the elements of duty and breach with respect to the "failure to warn" claims asserted in Counts 4 and 5 of the *First Amended Complaint*. [Doc. 65.] In their responses to this motion, Defendants assert, among other things, that Fed. R. Civ. P. 56 is not the proper vehicle for obtaining partial adjudication of particular elements of a claim.

The provisions of Fed. R. Civ. P. 56 relating to partial adjudication of issues of fact or liability were amended in 2007. The newly amended Rule 56(d), entitled "Case Not Fully Adjudicated on the Motion,"provides as follows:

> (1) *Establishing Facts*. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The Court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts–including items of damages or other relief–are not genuinely at issue. The facts so specified must be treated as established in the action.
>
> (2) *Establishing Liability*. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on damages.

Fed. R. Civ. P. 56(d) (effective Dec. 1, 2007). In the reported case law preceding the effective date of these stylistic amendments, courts were divided on whether the above rule authorizes parties to move for partial or piecemeal *adjudication* of a particular issue of fact, as opposed to partial *judgment* on an entire claim or defense. Compare Cook v. Rockwell Intern. Corp., 181 F.R.D. 473, 486 n.13 (D. Colo. 1998) (quoting 11 James Wm. Moore, Moore's Federal Practice ¶ 56.40[2], at 56-279 (3d ed. 1998), for the proposition that such motions are permissible), with City of Wichita v. U.S. Gypsum Corp., 828 F. Supp. 851, 869 (D. Kan. 1993) (citing 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2737, at 457 (2d ed. 1983), for the proposition that such motions are prohibited), aff'd in part, rev'd in part on other grounds, 72 F.3d 1491 (10th Cir. 1996); see also Carbajal v. Lincoln Benefit Life Co., No. 06-cv-00884-EWN-BNB, 2007 WL 2221147, at *3 (D. Colo. 2007) (unpublished order citing City of Wichita with approval); American Law of Products Liability 3d Treatise § 50:57 (2008) ("Partial summary judgment may not be invoked to dispose of only part of a claim.").

Regardless of whether the rule permits or prohibits such piecemeal motion practice, district courts nevertheless retain the discretion to decline a request for partial adjudication of an issue where it would not materially expedite the litigation, see Patrick Schaumburg Automobiles, Inc. v. The Hanover Ins. Co., 452 F. Supp. 2d 857, 867 (N.D. Ill. 2006) (citing 10B Wright, Miller, & Kane, supra § 2737, at 318), or to defer the requested partial adjudication until the facts are sufficiently developed to consider summary judgment on the entire claim or defense to which it relates, see Colsanto v. Life Ins. Co. of N. Am., 100 F.3d

203, 210 (1st Cir. 1996). The Advisory Committee Notes for the 2007 amendments to Fed. R. Civ. P. 56(d) indicate that the word "shall" has been replaced with the word "should" in order to acknowledge the district court's discretion in this regard.

In this case, I find that it would not materially expedite the litigation to take a piecemeal approach to Plaintiffs' failure-to-warn claims by first ruling on the elements of duty and breach based on the factual allegations in Plaintiffs' motion for partial summary judgment. The facts alleged in Plaintiffs' motion are not material if Plaintiffs' failure-to-warn claims cannot survive a cross-motion for summary judgment based on a substantial-modification defense.

In this regard, I note that Plaintiffs' motion for partial summary judgment is premised on Dr. Proctor's first affidavit and expert report, essential portions of which were rebutted or modified after the disclosure of Defendants' expert reports and the taking of Dr. Proctor's deposition. In response to Defendant JLG's subsequent cross-motion for summary judgment and Defendant United Rentals' subsequent motion for partial summary judgment on Plaintiffs' negligence claim, Plaintiffs acknowledged a number of undisputed facts pertaining to Defendant JLG's substantial-modification defense which were undisclosed or undeveloped at the time Plaintiffs filed their motion for partial summary-judgment. For these reasons, Plaintiffs' motion is premised on insufficiently developed factual allegations and does not provide an appropriate vehicle for partial adjudication of the duty and breach elements of their failure-to-warn claims.

Plaintiffs attempt to further develop the factual allegations in their motion by raising new arguments and evidence for the first time in their reply brief [Doc. 150], and in a supplemental brief [Doc. 185] filed in response to Defendant JLG's motion for leave to file a surreply [Doc. 170]. Under the circumstances presented here, such supplemental briefing is unnecessary and will not be permitted. The Local Rules provide that briefing is completed upon the timely filing of a motion, a response, and a reply. See D.N.M. LR-Civ. 7.6, 56.1. When a movant submits additional evidence in support of summary judgment after the filing of the non-movant's response, district courts have the option of either disregarding that additional evidence or providing the non-movant with the opportunity to file a surreply. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1163-65 (10th Cir. 1998). "The filing of a surreply requires leave of the Court." D.N.M. LR-Civ. 7.6(b).

In this instance, the Court elects not to grant the parties leave to file a surreply or supplemental response regarding Plaintiffs' motion for partial summary judgment, because the new arguments and evidence presented in these supplemental filings also appear in the briefing on subsequent motions filed by Defendants JLG and United Rentals. The Court has considered all of this information as it appears in the briefing on these subsequent motions. Viewing the record as a whole, I have already ruled on Plaintiffs' claims against Defendant JLG in the prior *Memorandum Opinion and Order* [Doc. 210] granting Defendant JLG's motion for summary judgment, and the analysis provided in that prior ruling is incorporated herein.

For the foregoing reasons, the Court denies *Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum Brief (Defendants' Duty to Warn and Provide Directions for Use, Defendants' Breach)* [Doc. 65] filed on September 25, 2007, denies *Defendant JLG Industries, Inc.'s Unopposed Motion for Leave to File Surreply* [Doc. 170] filed on February 21, 2008, and strikes Plaintiffs' Plaintiffs' *Response to JLG Industries Inc.'s Surreply* [Doc. 185].

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum Brief (Defendants' Duty to Warn and Provide Directions for Use, Defendants' Breach)* [Doc. 65] is **DENIED.**

**IT IS FURTHER ORDERED** that *Defendant JLG Industries, Inc.'s Unopposed Motion for Leave to File Surreply* [Doc. 170] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' *Response to JLG Industries Inc.'s Surreply* [Doc. 185] is **STRICKEN**.

**SO ORDERED** this 7th day of May, 2008, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**