IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**INGRID MAGOFFE**, as Personal Representative of
the **ESTATE OF ANTHONY MAGOFFE**, deceased,
Individually, and as Next Friend of her minor children,
**ANTHONY JAMES MAGOFFE**, and **JIMMY
MAGOFFE**; and **AZUCENA MICHEL**, as Personal
Representative of the **ESTATE OF CAMERINO
MICHEL RAMIREZ**, deceased, Individually, and as
Next Friend of her minor children, **MELISSA ORNELAS
MICHEL**, **ANTHONY ORNELAS MICHEL**, and
**MELANIE ORNELAS MICHEL**; and
**JAMES MAGOFFE**, Individually,

      Plaintiffs,

    vs.                                    No. CIV 06-0973 MCA/ACT

**JLG INDUSTRIES, INC.**, a Pennsylvania corporation;
and **UNITED RENTALS NORTHWEST, INC.**,
an Oregon corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' *Motion for Leave to File Second Amended Complaint* [Doc. 83] filed on October 26, 2007.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies Plaintiffs' motion to amend the complaint a second time for the reasons set forth below.

The history of this litigation is set forth in the *Memorandum Opinion and Order* [Doc. 210] concerning Defendant JLG's motion for summary judgment that is filed concurrently herewith. Parts I, II, and III of that *Memorandum Opinion and Order* concerning the background of this case, the applicable law, and the standard of review are incorporated herein by reference.

According to the Court's scheduling orders in this case, the latest deadline for Plaintiffs to file a motion to amend their pleading expired on May 16, 2007. [Doc. 34.] While other case-management deadlines were extended after that date at the parties' request [Doc. 56, 99], the parties neither requested nor received a further extension of the deadline for filing motions to amend a pleading. [Doc. 47, 98.]

Applying federal procedural law, it follows that Plaintiffs' motion to amend their pleading more than five months after the Court's case-management deadline is governed by the standard articulated in Fed.R.Civ.P. 16(b) and D.N.M. LR-Civ. P. 16.1, rather than the more forgiving standard stated in Fed. R. Civ. P. 15. See Rowen v. State of N.M., 210 F.R.D. 250, 252 (D.N.M.2002) (collecting cases). Under Fed. R. Civ. P. 16 and its counterpart in the Local Rules, modification of the deadlines contained in the Court's scheduling orders requires a showing of good cause and Court approval. See Fed.R.Civ.P. 16(b); D.N.M. LR-Civ. 16.1; Rowen, 210 F.R.D. at 252. "'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" Rowen, 210 F.R.D. at 252 (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)). Under this standard, "the Court may grant leave

to modify the pretrial schedule and amend the complaint under Rule 16(b) only if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992)). Prejudice to the adverse party is also a factor to be considered. See Leary v. Daeschner, 349 F.3d 888, 907-08 (6th Cir.2003).

In this case, Plaintiffs have not shown diligence in moving to amend their pleading to add a claim for punitive damages. While Plaintiffs contend in their motion that they lacked pertinent information necessary to recognize the extensive modifications to the scissor lift's wiring until after Defendants disclosed their expert reports in October 2007, the record developed in conjunction with Defendants' motions [Doc. 145, 146] relating to the additional testing performed on December 6, 2007, indicates otherwise.

As reflected in the Magistrate Judge's ruling on those motions [Doc. 198], and in the transcript of the hearing regarding those motions [Ex. C to Doc. 201-2], Plaintiffs failed to fully advise the Court regarding the circumstances that led to Dr. Proctor's additional testing of the modifications to the scissor lift. Plaintiffs have known that Defendant JLG was pleading a modification defense since that Defendant filed its *Answer* [Doc. 3] on October 16, 2006. The modifications to the scissor lift's wiring were visible to Dr. Proctor and recorded on photographs at the time of the earlier inspections in May 2007 and August 2007, which were done pursuant to a *Stipulated Test and Evaluation Protocol for JLG 500 RTS* [Doc. 39] filed on April 27, 2007. In addition, the wiring diagrams, manuals, and even the documents evincing repair work by Defendant United Rentals were made available to Dr.

-3-

Proctor before he prepared his initial expert report in August 2007, where these materials are cited or depicted. [Ex. A to Proctor Aff. 9-21-07, Doc. 65-2.]

Nevertheless, Dr. Proctor elected not to pursue the previously disclosed evidence of the wiring modifications in his initial expert report, and he omitted the testing of the modified circuitry during the August 2007 inspection. Instead, it appears that Plaintiffs made the tactical choice to focus on developing grounds for holding Defendant JLG liable on a failure-to-warn theory, as asserted in *Plaintiffs' Motion for Partial Summary Judgment* [Doc. 65] filed on September 25, 2007. Plaintiffs did not shift their focus to the wiring modifications or move to amend their *Complaint* a second time until after the deadline for the filing of Defendants' expert reports passed on October 10, 2007. [Doc. 56.]

To add a punitive-damages claim after that date is unfairly prejudicial to Defendant JLG because it comes too late in the discovery process for the company to develop a sufficient factual record and stay in compliance with the Court's carefully sequenced set of case-management deadlines for moving the case to trial or other disposition in a timely manner. See Winters v. Fru-Con Inc., 498 F.3d 734, 741 (7th Cir. 2007). For all of the above reasons, I will deny Plaintiffs' *Motion for Leave to File Second Amended Complaint* [Doc. 83] as untimely.

In the alternative, I also find that Plaintiffs' motion is futile because the Court has granted Defendant JLG's motion for summary judgment as to liability. Without a legal basis for imposing liability on Defendant JLG, Plaintiffs cannot recover punitive damages from this Defendant.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Leave to File Second Amended Complaint* [Doc. 83] is **DENIED.**

**SO ORDERED** this 7th day of May, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**