# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**INGRID MAGOFFE**, as Personal Representative of
the **ESTATE OF ANTHONY MAGOFFE**, deceased,
Individually, and as Next Friend of her minor children,
**ANTHONY JAMES MAGOFFE**, and **JIMMY
MAGOFFE**; and **AZUCENA MICHEL**, as Personal
Representative of the **ESTATE OF CAMERINO
MICHEL RAMIREZ**, deceased, Individually, and as
Next Friend of her minor children, **MELISSA ORNELAS
MICHEL**, **ANTHONY ORNELAS MICHEL**, and
**MELANIE ORNELAS MICHEL**; and
**JAMES MAGOFFE**, Individually,

        Plaintiffs,

    vs.                                No. CIV 06-0973 MCA/ACT

**JLG INDUSTRIES, INC.**, a Pennsylvania corporation,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant JLG Industries, Inc.'s *Motion to Tax Costs* [Doc. 218] filed on June 6, 2008, and *Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendant JLG's Motion to Tax Costs or, in the Alternative to Strike that Portion of JLG's Reply Brief in Support of its Motion to Tax Costs Which Relies on Rule 68* [Doc. 222] filed on July 11, 2008.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants in part

and denies in part Defendant JLG's motion to tax costs, and denies Plaintiffs' motion to file a surreply, for the reasons set forth below.

Although Plaintiffs' have appealed from this Court's *Final Order* [Doc. 228] granting summary judgment in favor of Defendant JLG, the taxation of costs is a collateral matter over which this Court retains jurisdiction during the pendency of the appeal.  See <u>Lancaster v. Independent Sch. Dist. No. 5</u>, 149 F.3d 1228, 1237 (10th Cir. 1998).  The taxation of costs is governed by federal law notwithstanding the fact that a party has invoked diversity of citizenship as a basis for federal jurisdiction.  See <u>Gobbo Farms & Orchards v. Poole Chemical Co.</u>, 81 F.3d 122, 123 (10th Cir. 1996).

Under Fed. R. Civ. P. 54 and D.N.M. LR-Civ. 54.2, I find that Defendant JLG is entitled to an award of costs as the prevailing party on its motion for summary judgment and other related motions, notwithstanding the state of the parties' finances or the injuries alleged in their pleadings.  While the Court has discretion to deny a motion for costs in its entirety when there is a valid reason for doing so, here I find that there is none.  See <u>Rodriguez v. Whiting Farms, Inc.</u>, 360 F.3d 1180, 1190 (10th Cir. 2004).

The bulk of the costs listed in Defendant JLG's motion relate to deposition transcripts of the parties' liability experts and other deposition transcripts reviewed by those experts in forming their opinions.  Under D.N.M. LR-Civ. 54.2(b)(2), the reporter's charge for a deposition transcript is taxable "when the deposition is reasonably necessary to the litigation," and a deposition is reasonably necessary to the litigation when "the deposition is

used by the Court in ruling on a motion for summary judgment" or "the Court so determines." Id.

In this case, the parties do not dispute that the deposition transcripts of Charles Proctor, Steven Forgas, Francis Wells, Vincent Gallagher, Thomas Blotter, and Scott Krischke were used by the Court in ruling on the motions for summary judgment, and that the combined cost of these deposition transcripts totals $6,885.31. The Court's taxation of costs will therefore include this amount.

Plaintiffs object to Defendant JLG's request to include the costs of other deposition transcripts, as well as the costs incurred in obtaining medical records, on the grounds that those costs were not reasonably necessary to the litigation. Defendant JLG replies that other deposition transcripts were necessary to the liability issues that the Court decided on summary judgment because they provided some of the factual grounds on which the parties' expert witnesses relied in forming the opinions expressed in their deposition testimony and reports.

The Court acknowledges that costs "reasonably necessary to the litigation" are not limited to deposition transcripts that are specifically cited by the Court in granting summary judgment. See In re: Williams Securities Litigation, No. 08-5100, 2009 WL 514097, at *4 (10th Cir. Mar. 3, 2009). On the other hand, costs which are incurred merely for investigative purposes or for the convenience of counsel are not taxable. See id. at *5.

Balancing these two principles, the Court determines that some, but not all, of the additional deposition transcripts listed in Defendant JLG's motion were reasonably necessary

to develop critical factual issues that were central to the litigation.  In particular, the Court will award costs for the deposition transcripts of James Magoffe ($903.42), Ronnie Bell ($271.34), Houston Sandoval ($552.20), Eric Ramos ($434.45), Randy Lovato and Kevin Clanton ($371.66), and the second deposition of Stephen Forgas ($405.00).  These costs total $2,938.07.

The Court further determines that the remaining deposition transcripts and other items listed in the *Index of Costs* [Doc. 218-2] attached to Defendant JLG's motion were not reasonably necessary to the litigation as they relate primarily to gathering information relating to Plaintiffs' damages for investigative purposes or for the convenience of counsel. It follows that the Court will not award costs for the remaining $8,680.95 requested in Defendant JLG's motion.

As the Court does not consider new arguments or evidence raised for the first time in Defendant JLG's reply brief, Plaintiffs' surreply is unnecessary.  The motion for leave to file a surreply is therefore denied as moot.

**IT IS THEREFORE ORDERED** that Defendant JLG Industries, Inc.'s *Motion to Tax Costs* [Doc. 218] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that *Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendant JLG's Motion to Tax Costs or, in the Alternative to Strike that Portion of JLG's Reply Brief in Support of its Motion to Tax Costs Which Relies on Rule 68* [Doc. 222] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that costs are taxed in favor of Defendant JLG and against Plaintiffs in the amount of $9,823.38.

**SO ORDERED** this 6th day of March, 2009, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**